# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STEVEN ANTWUAN HUNT,

       Petitioner,

v.                            CASE NO. 07-CV-13717-DT

JERI-ANN SHERRY,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

Pending before the court is Petitioner Steven A. Hunt's petition for a writ of habeas corpus, filed *pro se* pursuant to 28 U.S.C. § 2254.  Currently a state prisoner confined at the Chippewa Correctional Facility in Kincheloe, Michigan, Petitioner pleaded *nolo contendere* to second-degree murder, Mich. Comp. Laws § 750.317, and carrying a concealed weapon, Mich. Comp. Laws § 750.227, in Washtenaw County Circuit Court in 2003.  The court sentenced Petitioner to concurrent terms of twenty to sixty years imprisonment and two to five years imprisonment.  Petitioner now raises claims concerning the denial of his motion to withdraw his plea, the voluntariness of his plea, and the effectiveness of trial counsel.  For the reasons stated below, the court will deny the petition for a writ of habeas corpus and will dismiss it with prejudice.

## I.  BACKGROUND

Petitioner's conviction followed the shooting death of one Christopher Fifer on September 25, 2002 in Ypsilanti Township, Washtenaw County, Michigan.  The prosecution originally charged Petitioner with open murder, felony firearm, and carrying

a concealed weapon. The preliminary examination transcript revealed that after the victim had assaulted Petitioner in a parking lot, Petitioner followed him into a building, produced a gun, and fired a shot. The victim died of a gunshot wound.

On April 21, 2003, Petitioner pleaded *nolo contendere* to the lesser offense of second-degree murder and carrying a concealed weapon in exchange for dismissal of the open murder and felony firearm charges. The trial court also agreed to sentence Petitioner to a term of twenty to sixty years imprisonment. During the plea colloquy, Petitioner acknowledged his understanding of the charges, the plea agreement, and the rights that he was foregoing. He denied that any threats, or promises other than those contained in the plea agreement, had been made to induce him to enter his plea. Petitioner and the prosecution stipulated to the preliminary examination testimony as a factual basis for Petitioner's plea. After finding that a factual basis supported the plea, the trial court accepted the plea.

The trial court conducted a sentencing hearing on May 21, 2003. At the hearing, Petitioner asked to withdraw his guilty plea, contending he did not understand the *nolo contendere* plea and that he did not understand the difference between second-degree murder and manslaughter. The trial court found that Petitioner had not established a fair and just reason for the withdrawal of his plea and denied his verbal request. The court then sentenced him to concurrent terms of twenty to sixty years imprisonment and two to five years imprisonment in accordance with his plea and sentencing agreement, as well as the state sentencing guidelines.

On December 12, 2003, Petitioner filed a motion to withdraw his plea and for an evidentiary hearing with the trial court, asserting his plea was not knowing and voluntary

2

due to the ineffective assistance of counsel. The trial court treated the motion as a motion to withdraw plea after sentencing, pursuant to Michigan Court Rule 6.311, and denied the motion for failure to show a miscarriage of justice.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his plea was involuntary, which was denied for lack of merit in the grounds presented. *See People v. Hunt*, No. 254126 (Mich. Ct. App. Nov. 18, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was also denied. *See People v. Hunt*, 696 N.W.2d 716 (Mich. 2005).

Petitioner then filed a motion for relief from judgment in the trial court raising several claims. The trial court corrected the scoring of a sentencing variable, but it denied relief on the other claims. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed without prejudice for not conforming to court rules. *See People v. Hunt*, No. 269856 (Mich. Ct. App. Aug. 10, 2006). Petitioner did not appeal this decision to the Michigan Supreme Court.

Petitioner thereafter filed the present petition for a writ of habeas corpus,[1] asserting the following claims as grounds for relief:

    I.      The lower court judge abused his discretion in denying Petitioner's sentencing motion to withdraw his plea, and thereby deprived Petitioner of his liberty without due process of law.

---

[1] Petitioner also filed a federal habeas petition in 2006, but a federal court dismissed the petition without prejudice upon Petitioner's own motion. *See Hunt v. Sherry*, No. 06-CV-14911 (E.D. Mich. Jan. 22, 2007).

II.     The trial court committed reversible error by not applying the correct standard in denying Petitioner an evidentiary hearing, and thereby deprived Petitioner of his liberty without due process of law.

III.    Because Petitioner received ineffective assistance of counsel, the court should allow Petitioner to withdraw his plea because counsel induced him to plead to the charge of second-degree murder; because the plea was premised on counsel's erroneous advice regarding the elements of second-degree murder; and because Petitioner could not have properly been convicted by the evidence available.

Respondent has filed an answer to the petition asserting that the court should deny it as

meritless.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner

filed his habeas petition after AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S.

320, 336 (1997).  AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While only Supreme Court holdings can determine the requirements of "clearly established law," the decisions of

5

lower federal courts aid in assessing a state court's reasonableness in resolving an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Finally, AEDPA entitles a state court's factual determinations to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may nonetheless rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Voluntary, Intelligent, and Knowing Nature of the Plea

Petitioner first asserts he is entitled to habeas relief because his *nolo contendere* plea was not knowing, intelligent, and voluntary. The state trial court denied relief on this claim because it found that Petitioner had been properly advised regarding the sentencing consequences of his plea. (Sent. Hr'g Tr. 6-11, May 21, 2003.) The Michigan Court of Appeals denied leave to appeal for lack of merit but did not specifically address this issue.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A plea is voluntary if it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing if nothing indicates that the defendant is incompetent or

6

otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The defendant must make the plea "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was an adult of twenty-three years at the time of his plea, and no evidence exists in the record of any mental or psychological problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Legal counsel represented and conferred with Petitioner during the plea process. The trial court advised Petitioner of his trial rights and that he would relinquish those rights by pleading *nolo contendere*. The court discussed the terms of the plea, its consequences, and the sentencing agreement. Petitioner, having been placed under oath, acknowledged that a *nolo contendere* plea was similar to a guilty plea. Petitioner also indicated he was pleading *nolo contendere* of his own free will and that he had not been coerced or threatened to do so. Petitioner denied that any promises, other than those contained in the plea agreement, had been made to induce him to tender his plea.

Consequently, Petitioner's assertion that his plea was not knowing and voluntary contradicts the record. As the Sixth Circuit stated when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating

the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the court is satisfied Petitioner's plea was knowing, intelligent, and voluntary. The court will therefore deny Petitioner relief upon this claim.

## B. The Effectiveness of Defense Counsel

Petitioner also contends that defense counsel was ineffective because counsel did not properly advise him about his case and plea. Specifically, Petitioner asserts that counsel was ineffective for advising him to plea to second-degree murder, rather than informing him that the evidence of provocation in his case could support a conviction for manslaughter. Petitioner claims that he pleaded *nolo contendere* based upon counsel's erroneous advice.

The Supreme Court has set forth a two-part test to evaluate the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

8

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded . . . and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[in] many . . . plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Id.* The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

To the extent that Petitioner asserts defense counsel was ineffective for misadvising him about his case or encouraging him to accept a plea for second-degree rather than manslaughter, habeas relief is unwarranted. First, given the facts of the case, counsel may have reasonably believed that Petitioner made a proper *nolo contendere* plea to second-degree murder with a sentencing agreement. The record indicates that Petitioner chased the victim and shot him to death after their initial altercation. Petitioner faced a mandatory life sentence without the possibility of parole if convicted of first-degree murder. Counsel may have reasonably decided that Petitioner was unlikely to prevail on his self-defense claim, that he had little chance of being convicted of the lesser offense of manslaughter, and that the plea and sentencing agreement were in his best interest.

Second, assuming that counsel somehow misinformed Petitioner, Petitioner is nonetheless not entitled to habeas relief. A trial court's proper plea colloquy cures any

9

misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). An ineffective assistance of counsel claim, predicated on allegedly misleading information given by counsel about the plea, does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. 2002); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002). The record shows that the trial court properly informed Petitioner about the terms and consequences of his plea and sentencing agreement. Petitioner acknowledged that he faced a substantial prison term with a plea for second-degree murder and stated that he was taking the plea to avoid a possible conviction for open murder and felony firearm. Petitioner "is not entitled to withdraw his plea merely because he discovers . . . after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757. Petitioner has not shown that defense counsel was deficient or that counsel's conduct prejudiced Petitioner. The court will thus deny Petitioner relief on this claim.

### C. Evidentiary Hearing/Abuse of Discretion Claims

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to apply the correct standard for an evidentiary hearing and abused its discretion by not allowing withdrawal of his plea. Petitioner claims the trial court violated state law because it denied his evidentiary hearing and plea withdrawal requests. However, a state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This court's power to

10

grant a writ of habeas corpus only extends to errors in the application of federal law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for errors of state law, and a federal court will not review a state court's decision regarding state law. See *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner also requests an evidentiary hearing from this court. Under 28 U.S.C. § 2254(e)(2), a petitioner who fails to develop his claim's factual basis in state court may not have an evidentiary hearing unless:

> (A) the claims relies on --
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has made no such showing. Moreover, given the state record and the court's determination that the foregoing claims lack merit, there is no need for an evidentiary hearing in this court.

Petitioner has not shown that the state court decisions denying him relief are contrary to United States Supreme Court precedent, nor that they constitute an unreasonable application of federal law or the facts. Petitioner is not entitled to federal habeas relief on the claims raised in his petition.

## V. CERTIFICATE OF APPEALABILITY

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas

corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See Id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997) *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## VI. CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus" [Dkt. #1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Robert H. Cleland _____
ROBERT H. CLELAND

12

UNITED STATES DISTRICT JUDGE

Dated:  October 9, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2008, by electronic and/or ordinary mail.


s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522